NORTH CAROLINA

ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 17-CVS- 485

REBEKAH BURROUGHS, individually as )
Widow and )
as the Personal Representative of )
THE ESTATE OF )
TODD BRENT BURROUGHS, Deceased, )
D. B. and her )
Guardian Ad Litem, Donald R. Vaughan, )
and C. B. through his )
Guardian Ad Litem, Morgan Davis, )
          Plaintiffs, )
)
          vs. )
)
THE COUNTY OF ROCKINGHAM, )
SAMUEL S. PAGE, in his individual )
capacity and official capacity as Sheriff )
of Rockingham County, )
FRANK L. MARTIN, in his individual )
capacity and official capacity as a Deputy )
with the Rockingham County Sheriff's )
Department, and CHASE M. MYERS, )
in his individual capacity and official )
capacity as a Deputy with the Rockingham )
County Sheriff's Department, )
          Defendants. )

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

The Plaintiffs, complaining of the Defendants, alleges and says:

1.      That the Plaintiff, Rebekah Burroughs, is the widow and Personal Representative of

the Estate of Todd Brent Burroughs, who was an adult resident citizen of the State of North Carolina

and who was wrongfully and unconstitutionally killed by the Defendants as set forth in this

Complaint during the early morning hours of May 29, 2016. Rebekah Burroughs individually, is a

resident of Rockingham County, North Carolina and is the mother of the two (2) minor children born

1

of her marriage to Todd Brent Burroughs, **D. B.** and **C. B.** Plaintiff Rebekah Burroughs, as the Personal Representative of the Estate of Todd Brent Burroughs, deceased, and is a proper party to bring this action for the wrongful death of Todd Brent Burroughs pursuant to N.C.G.S. 28A-18-2 and any other applicable statutes. Plaintiff Rebekah Burroughs is bringing this action in her individual capacity and in her representative capacity as next of kin on behalf of all appropriate wrongful death beneficiaries, which include, **D. B.** and **C.B.** the minor children of the decedent, Todd Brent Burroughs.

2. That upon information and belief, the Defendant, County of Rockingham, North Carolina is a body politic and corporate, and as such is a political subdivision of the State of North Carolina and, among its other functions, operates and maintains a law enforcement agency known as the Rockingham County Sheriff's Department (RCSD). The County is under a duty to operate its police activities in a lawful manner so as to preserve the peace of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors by the constitutions and laws of the United States and/or the State of North Carolina.

3. That Defendant Samuel S. Page ("Defendant Page"), individually, is a resident of Rockingham County, North Carolina and all times pertinent hereto, Defendant Martin was an employee of Rockingham County, North Carolina and was the duly elected Sheriff of Rockingham County, acting under the color of state law and within the course and scope of his employment with the RCSD. Defendant Page was in this same position at all times relevant to this action. Defendant Page was and is under a duty to operate the police activities of the RCSD so as to preserve not only the peace of the County, but also to protect its citizens and visitors and to preserve their rights, privileges, and immunities guaranteed and secured to them by the Constitution of the State of North

2

Carolina in Article I, Sections 1. and 19. Plaintiff is bringing this action against Defendant Page in his individual capacity and official capacity as the duly elected of the RCSD.

4.     That Defendant Frank L. Martin ("Defendant Martin") individually, is a resident of Rockingham County, North Carolina and all times pertinent hereto, Defendant Martin was an employee and Deputy Sheriff with the Rockingham County Sheriff's Department, acting under the color of state law and within the course and scope of his employment with the RCSD. Defendant Martin was in this same position at all times relevant to this action. Defendant Martin was and is under a duty to operate police activities of the RCSD so as to preserve not only the peace of the County, but also to protect its citizens and visitors and to preserve their rights, privileges, and immunities guaranteed and secured to them by the Constitution of the State of North Carolina in Article I, Sections 1. and 19. Plaintiff is bringing this action against Defendant Martin in his individual capacity and official capacity as a Deputy with the RCSD.

5.     That Defendant Chase M. Myers ("Defendant Myers") individually, is a resident of Rockingham County, North Carolina and all times pertinent hereto, Defendant Martin was an employee and Deputy Sheriff with the Rockingham County Sheriff's Department, acting under the color of state law and within the course and scope of his employment with the RCSD. Defendant Martin was in this same position at all times relevant to this action. Defendant Myers was and is under a duty to operate police activities of the RCSD so as to preserve not only the peace of the County, but also to protect its citizens and visitors and to preserve their rights, privileges, and immunities guaranteed and secured to them by the Constitution of the State of North Carolina in Article I, Sections 1. and 19. Plaintiff is bringing this action against Defendant Martin in his individual capacity and official capacity as a Deputy with the RCSD.

3

## JURISDICTION AND VENUE

6.     That this Court has jurisdiction over this action pursuant to *inter alia*, N.C.G.S. 28A-18-2, North Carolina's Wrongful Death Statutes, the Common Law of North Carolina, the North Carolina State Constitution, Article I, Section 1. This Court also has concurrent jurisdiction for any action arising out of 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

7.     That venue is proper in this Court, because all or part of this cause of action arose within Rockingham County, North Carolina and both Plaintiffs and Defendants are residents of Rockingham County, North Carolina.

## FACTUAL ALLEGATIONS

8.     That the allegations set forth in paragraphs 1 through 7 are adopted and incorporated herein by reference as if fully set forth herein.

9.     That on May 28, 2016 decedent Todd Brent Burroughs ("Burroughs"), his wife Rebekah Burroughs, his daughter  D. B.     (aged 10) and his son  C. B.     .s (aged 9), attended the wedding ceremony of Neil and Cheryl Shively in Rockingham County, North Carolina.

10.     That the decedent, Todd Burroughs and his wife and children left their home at 3287 Garrett Road in Stoneville, North Carolina at approximately 3:00 p.m. that Saturday afternoon.

11.     That the decedent, Todd Burroughs, turned right out of his driveway onto Garrett Road, then turned right onto Price Road and drove until they reached HWY 220. They crossed over HWY 220 then preceded left up to Craddock Road. They then took a right onto the Shively Farm.

4

12.     That the wedding began at 4:00 pm and the decedent Todd Burroughs, was a member of the wedding party. After the wedding ceremony, he had dinner with his family and other guests attending the wedding. Afterwards he and his family participated in the wedding reception with their friends.

13.     That the decedent, Todd Burroughs and his family left the Shively Wedding at approximately 12:30am.

14.     That the decedent, Todd Burroughs, then drove to the end of Craddock Road and proceeded to cross over HWY 220 S then turned to the left and headed north on HWY 220 N. Burroughs then took a right onto a gravel road, which was a short cut to old business 220, which allowed Burroughs to share with his family, the view of some property that he had recently graded.

15.     That Burroughs came to the end of the gravel road and then took a left turn onto old business 220, then proceeded down that road until Burroughs took a right turn onto Fulp Saw Mill Road. Burroughs then drove to the end of Fulp Saw Mill Rd and took a right turn onto Price Road, where he crossed a railroad track. Burroughs then proceeded up Price Road, until he took a left turn onto Garrett Road. He then proceeded onto Garrett Road until he reached his home's driveway located at 3287 Garrett Road, where he then took a left into the driveway.

16.     That Burroughs and his family, then for the first time, noticed that there was a sheriff's car behind them with its blue lights on. Burroughs then drove down the driveway to his house. The sheriff's vehicle followed Burroughs' truck down the driveway.

17.     That Burroughs parked his truck and got out to see what the deputies wanted. As soon as the deputies got out of their car, they did not immediately identify themselves as law enforcement officers. The two (2) deputies, with their weapons (service revolvers) already drawn, immediately

5

started screaming for Burroughs to "get on the ground, get on the ground".

18.     That Burroughs then asked the two (2) deputies, "What's going on, what's going on man? What did I do?" The deputies continued to scream at Burroughs to get on the ground.

19.     That at that point in time, Burroughs' wife Rebekah was still seated inside the front passenger area of the truck with their two children, who were seated in the rear passenger area, heard a gunshot. She then jumped out of the passenger side of the truck and ran to the back of the truck to find that their dog had been shot and killed.

20.     That Rebekah Burroughs then heard Defendant Frank Martin yell, "Put your weapon down". She then heard her husband, Todd Burroughs, yell at Defendant Frank Martin, "Why did you shoot my dog? You're a p____y". Then Rebekah Burroughs then yelled to both deputies, "Stop! There are two children in the truck and he doesn't have a weapon."

21.     That the Defendant Frank Martin then yelled, "Put your weapon down or I'm going to drop you!"

22.     That the decedent, Todd Burroughs then yelled, "You're a m_____g p___y! What the f___k did you shoot my dog for?" The Defendant Frank Martin then fired three (3) deadly shots at the decedent, striking him in the chest and stomach, all of which were unprovoked. Todd Burroughs then fell to the ground, dead.

23.     That Rebekah Burroughs then screamed as the shots were being fired. She then ran over to her husband, Todd Burroughs and held him in her arms as he took his last breath. By then the two (2) children had gotten out of the truck and witnessed firsthand what had happened to their father. Burroughs' daughter, who was ten (10) years old, yelled to Defendant Frank Martin, "Why did you shoot my Daddy? Why did you kill my Daddy?" Then Defendants Martin and Myers both

6

yelled at Rebekah Burroughs, demanding for her to move away from her husband, Todd Burroughs, who was lying on the ground bleeding, or that they would handcuff her.

24.    That Rebekah Burroughs replied to both deputies, to do whatever they felt they needed to do. Shortly thereafter, Rebekah Burroughs was standing with her children while other law enforcement officers and EMT arrived.

25.    That Rebekah Burroughs was told that she and the children had to leave because their front yard of their home was now a crime scene. An officer from the Stoneville Police Department drove them to Bruce Burroughs' home. He is the father of the decedent Todd Burroughs.

26.    That at all times hereto, Defendants Martin and Myers had no knowledge or information that the decedent had committed any crime. Furthermore, Burroughs did not have a firearm in his possession at any time.

27.    That rather than stand at a safe distance from Todd, requesting backup, and/or attempting to calmly talk with the decedent, Defendants Martin and Myers used inappropriate, unwarranted, unreasonable, excessive and unjustifiable force against the decedent.

28.    That upon information and belief, Defendants Martin and Myers escalated this situation and used excessive deadly force without a proper investigation, without provocation, without any justification, and without using alternative measures to deadly force. The Defendants have falsely alleged that Burroughs had a weapon in his hands at the time that he was shot by Defendant Frank Martin, when they knew said allegation was completely false and not based on any truth whatsoever. That both Defendants were completely and intentionally, untruthful, misleading and reckless in their statements to State Bureau of Investigation (SBI) Special Agents E.K. Sam and D.D. Denny on May 29, 2017 and June 14, 2017 insofar as: According to eyewitness statements,

7

Todd Burroughs' vehicle was never parked with the lights on at an auto recycling business on old Hwy 220 N, Burroughs never stopped and parked his vehicle from the time he left the wedding ceremony at the Shively Farm until he reached his home, as such there was NO probable cause to suspect Burroughs of any relation to any business break-ins; According to eyewitness statements, that when Todd Burroughs crossed the railroad tracks at Price Road, the sheriff's vehicle DID NOT have its blue lights on and WAS NOT operating any siren, if so, the witness would have seen and heard that activity; The witness heard Todd Burroughs' diesel engine truck because it was loud and recognized it as Todd Burroughs' vehicle that he had seen many times passing his house as he lives very close to the Burroughs' residence; The statement by Defendant Martin that he told communications that the address where they followed Todd Burroughs to was unknown, was intentionally false, when in fact Defendant Martin knew Todd Burroughs, and had been to his (Burroughs') residence many times prior to this night; That Defendant Martin intentionally falsely stated that the location of the residence was about 2 miles from when they first encountered the Burroughs' vehicle, when in true fact, the distance was significantly much shorter, less than a mile; That upon information and belief, the statements made to the SBI by Defendant Martin were intentionally false and misleading as to the fact that Defendant Martin knew Todd Burroughs; knew his vehicle; knew his residence; stopped Todd Burroughs with the specific intent to cause an incident and to harm him, and knew that when the matter escalated it was his (Defendant Martin) intent to shoot and injure or kill Todd Burroughs; that his other inconsistent and patently false statements to the contrary were calculated to deceive and to cover up his true motivations; and Defendant Martin's statements to the SBI, did in fact accomplish that objective, the end result of which was that no felony criminal charges were brought against Defendant Martin by the Rockingham County District

8

Attorney Craig Blitzer for either Second Degree Murder or Manslaughter for Defendant Martin's intentional shooting of .Todd Burroughs without any provocation or justification in Burroughs' own yard at his residence.

29.     That the decedent suffered extreme pain and suffering and lost his life as a result of the intentional and malicious actions or inactions of Defendants Martin and Myers.

30.     That as a direct and proximate cause of the intentional actions or omissions of Defendants, Todd suffered extreme pain and suffering and was killed, his United States Constitutional rights and his constitutional rights under the North Carolina State Constitution were violated.

32.     That it was foreseeable that the decedent and his family would sustain significant damages and devastating loss as a result of the intentional and reckless actions and omissions of Defendants.

33.     That all times relevant hereto, Defendants Martin and Myers were acting in their official capacity as law enforcement officers for the RCSD and were acting under color of state law.

34.     That the policies, practices, customs, and training of the County were the driving force behind the deprivation of both the United States and state constitutional rights sustained by the decedent.

35.     That alternatively, at all times relevant to the complaint herein, Defendants Martin and Myers were acting in their individual capacities.

36.     That Defendants County of Rockingham and Page have not provided Plaintiffs with a copy of the statements of Defendant Deputies taken shortly after this shooting and/or a summary of the substance of statements made to crime scene investigators and altogether failed to conduct a

9

thorough investigation of this incident. These Defendants failed to investigate inconsistencies in the stories of Defendant Deputies and instead chose to accept their self-serving stories of the events that led to the death of Todd Brent Burroughs.

37.     That Defendants County of Rockingham and Page have created a custom and pattern of practice of exonerating its Deputies who use excessive force and have allowed Rockingham County Deputies to believe that they may violate the civil rights of its citizens as long as they allege that they thought the victim had a deadly weapon.

38.     That by failing to provide proper training and counseling for its Deputies, and by failing to conduct appropriate investigations and implement appropriate disciplinary action in situations where its Deputies violate the constitutional rights of its citizens, Defendants County of Rockingham and Page have created an environment within the Sheriff's department where Deputies believe that they can do whatever they want, whenever they want, to whoever they want, irrespective of the North Carolina State Constitution.

39.     That Defendants County of Rockingham and Page were well aware of Defendant Martin's history of violating the policies of RCSD, violating the rights of citizens of this County, and of escalating situations; yet, these Defendants allowed him to maintain his position as a Deputy Sheriff and provided him with the very weapon that killed the decedent.

40.     That all of the above intentional actions and omissions by Defendants were the actual cause, proximate cause, and cause in fact of the suffering and death of decedent and the damages sustained by Plaintiff.

## CIVIL RIGHTS VIOLATIONS AGAINST ALL DEFENDANTS

41.     That the allegations set forth in paragraphs 1 through 40 are adopted and incorporated

10

herein by reference.

42.     That Defendants County of Rockingham, Page, Deputy Martin and Deputy Myers and officers, agents, and employees of the County committed the above described intentional actions and omissions under color of state law and under color of their authority as law enforcement officers, substantially depriving the decedent of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. 1983. Specifically, he was deprived of rights including but not limited to, (a) unlawful seizure of his person; (b) freedom the use of unjustified and excessive force: and (c) freedom from the deprivation of life and liberty without due process.

43.     That prior to May 29, 2016, Defendant County of Rockingham permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its Deputies of shooting first and using excessive and unjustified force, knowing that said practice violated decedent's and others' free exercise and enjoyment of rights and privileges secured to them by the United States Constitution and the Constitution of the State of North Carolina.

44.     That at the time of the incident on May 29, 2016, the County had no policy or custom regarding the handling of individuals such as Todd Brent Burroughs. how not to escalate a situation, and did not provide adequate training in the appropriate manner and means to handle such situations as that encountered at the time of this incident.  Even if the County had a policy or custom regarding such situations, the County improperly trained and/or supervised its Deputies, thereby allowing such police misconduct to occur.

45.     That Defendants directly or with deliberate indifference, under color of law, approved and/or ratified the unlawful, intentional, deliberate, malicious, reckless, and wanton conduct of its Deputies. By failing to enact proper procedures and policies for disciplining Deputies who violate the

11

civil and constitutional rights of citizens, such as the decedent, or by failing to enforce any such policy or procedure by punishing or censuring officers, Defendants have approved, condoned, and ratified the unlawful conduct of Deputies. Specifically, the County law enforcement officers utilized excessive force in apprehending Todd Brent Burroughs and acted in deliberate indifference to his health and welfare by escalating the situation in an unnecessary and unreasonable manner. The direct and proximate result of Defendants' intentional actions and inactions was that the decedent suffered severe physical and emotional injuries, including death.

46. That Defendants County of Rockingham and Page have allowed Deputies to engage in a pattern of conduct that violates the civil rights of its citizens for the months, if not years, leading up to the death of Todd Brent Burroughs by failing to enforce policies and procedures and by ratifying the unconstitutional conduct of its Deputies by not punishing them and by allowing them to continue serving as law enforcement officers. Defendants County of Rockingham and page have altogether failed to cultivate a culture of excellence in its sheriff's department by sending the clear message to deputies that it is acceptable to shoot first and ask questions second if the deputy believes there is any chance that a potential suspect or future victim may have a weapon or may pose a threat to the deputy. This pattern of conduct has existed for an extended period of time, but the County has done nothing to address this problem, but has instead chosen to allow its deputies to shoot innocent victims under the guise of the deputies sensing a potential threat and then failing to properly investigate the shootings and simply accepting the deputy's excuse that they felt threatened. The death of Todd Brent Burroughs is tragic, but it becomes more tragic when the overall conduct of Defendant County of Rockingham is considered and the overall picture is seen of a sheriff's department that has tolerated, ratified, and almost encouraged the shooting of citizens like the

12

decedent. It is not enough to have policies that prohibit constitutional violations; Defendants County of Rockingham and Page must send a clear message to deputies that they will not tolerate violations of those policies by deputies. Instead of trying to send that message, Defendant County of Rockingham has chosen to turn a blind eye to the recent county law enforcement shooting and killing of one of its citizens, Todd Brent Burroughs.

47. That Plaintiffs aver that firing multiple gunshots toward an individual

48. That the Defendants deprived Mr. Burroughs of fundamental rights guaranteed to him under the United States Constitution including but not limited to, the right to be free from unlawful seizure of his person; free from the unjustified, unnecessary, unreasonable, and excessive force; and free from the deprivation of life and liberty without due process of law.

49. That Plaintiffs aver that firing multiple gunshots toward an individual who fails to comply with a deputy's commands amounts to the use of excessive and/or unreasonable deadly force against the decedent in violation of the North Carolina Constitution. Defendants Martin and Myers committed the intentional actions described herein and/or omissions under the color of state law and by virtue of their authority as law enforcement officers for the RCSD and substantially deprived Todd Brent Burroughs of his clearly-established rights, privileges and immunities guaranteed to him by the North Carolina Constitution.

50. That the Defendants deprived Todd Brent Burroughs of fundamental rights guaranteed under the North Carolina Constitution including, but not limited to, the right to be free from unlawful seizure of his person; free from the use of unjustified, unnecessary, unreasonable, and excessive force; and free from the deprivation of life and liberty without due process of law.

51. That the unreasonable and excessive use of deadly force against Todd Brent

13

Burroughs in the form of multiple gunshots fired at him, deprived him of his right to be free from unreasonable, excessive, and deadly force and unreasonable seizure through the means intentionally applied to seize him were likely to cause severe injury or death. Defendants shot the decedent three (3) times with two (2) bullets striking him in the center of his chest, and one (1) bullet striking him in the stomach. At no time was Todd Brent Burroughs in possession of a firearm, nor did he discharge a firearm at the Defendants Martin and Myers.

52.     That Defendant Deputies were not justified in their use of deadly force and further could not reasonable believed in good faith that deadly force was warranted. In support of Plaintiffs' claim that the conduct of Defendant Deputies Martin and Myers violated the Fourth Amendment rights of Mr. Burroughs, Plaintiffs rely upon the factual allegations set forth in this Complaint; the custom, pattern, and practice of the RCSD Deputies in shooting and asking questions second; and the custom and pattern of the RCSD in failing to enforce its own policies with regard to the use of deadly force. Plaintiffs assert that Defendants the County of Rockingham and Page have altogether failed to cultivate a culture of excellence within the RCSD. They tolerated and ratified the actions of their Deputies for way too long. They have acted unlawfully and unconstitutionally by intentionally ignoring the actions of their Deputies, or, at best, being apathetic to their conduct. These Defendants have created in their Deputies unconstitutional expectations that it is acceptable to violate the constitutional rights of the citizens of this county.

53.     That Defendant Rockingham County does not properly investigate Deputy seizures and use of excessive force on citizens or properly discipline Deputies for those acts. Defendant Rockingham County and its relevant policymakers have failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly

14

approving and ratifying the type of misconduct alleged herein.

54. That Defendant Rockingham County does not properly investigate sheriff's deputies' seizures and use of excessive force on citizens or properly discipline officers for those acts. Defendant Rockingham County and its relevant policymakers have failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged herein.

55. That local and/or municipal policymakers are aware of, and condone and facilitate by their inaction, a "code of silence" in the RCSD, by which officers fail to report misconduct committed by other officers, such as the misconduct in this case.

56. That the policy, practice, and custom of the sheriff's department code of silence results in sheriff's deputies refusing to report instances of deputy misconduct of which they are aware, despite their obligation under sheriff's department regulations to do so. This conduct includes sheriff's deputies who remain silent or provide false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution. This conduct also includes those deputies who remain silent because they believe that the RCSD will not enforce the disciplinary policies that are currently in place.

57. That the injuries and death of Mr. Burroughs could have been avoided had Defendant Rockingham County provided training or even better or more extensive training as to the proper use of excessive force. This lack of adequate training amounts to an unconstitutional policy.

58. That Defendant Rockingham County was on notice each and every constitutional violation alleged herein taking place by RCSD deputies.

59. That as a direct and proximate result of the actions and omissions of Defendants, Mr.

15

Burroughs was killed, and his rights under the Fourth and Fourteenth Amendment of the United States Constitution were violated.

60. That Plaintiffs aver that Defendants Rockingham County and Page are liable for the actions of Defendant Deputies Martin and Myers as set forth above because Defendants Rockingham County and Page permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its law enforcement officers violating the federal constitutional rights of the public at large during the course of their law enforcement applications. The actions of Defendant Deputies Martin and Myers as alleged above were performed pursuant to one or more policies, practices, and/or customs of Defendant Rockingham County.

61. That after the incident, Defendants Rockingham County and Page determined that Defendants Martin and Myers had acted appropriately and in compliance with the policies, practices, and customs of the Rockingham County and Page. However, the actions of Defendants Martin and Myers during this incident were in direct violations of the policies, practices, and customs of Defendant Rockingham County and the laws of the United States and the State of North Carolina regarding the use of deadly and/or excessive force. Despite violating the policies, practices, and customs of the County and state law, Defendant Deputies Martin and Myers were not reprimanded or terminated. Accordingly, Defendants Rockingham County and Page ratified, condoned, acquiesced in, or approved of Defendant Deputies Martin's and Myers's conduct in this action in all respects. As Defendants Rockingham County and Page determined that Defendant Deputies Martin's and Myers's conduct as set forth herein was in compliance with the policies, practices, and customs of the County and the RCSD, Defendants Rockingham County and Page are directly liable for the actions and constitutional violations of Defendant Deputies Martin and Myers.

16

62. That the RCSD failed to properly investigate the conduct of their deputies. In most instances. the investigation was limited to the statements of the deputies without any additional investigation into the physical evidence and/or facts. Also. the RCSD seldom, if ever found that an Deputy's use of force was not justified.

63. That moreover. Defendant Rockingham County violated the civil rights of the decedent through its policies. lack of policies. and/or customs of hiring. firing, and supervision. Such policies and customs were the moving force behind the damages sustained by the decedent and Plaintiffs in this case.

64. That Defendants Rockingham County and Page violated the civil rights of the decedent in that they were deliberately indifferent to the rights of the decedent and others through their hiring, firing. and retention of officers.

65. That as a matter of both policy and practice, the RCSD and Defendant Page directly encourage. and are thereby the moving force behind. the very type of misconduct at issue by failing to adequately train and/or retrain. supervise. and control officers, such that their failure to do so manifests deliberate indifference.

66. That as a matter of both policy and procedure, the RCSD facilitates the very type of misconduct at issue by failing to adequately investigate. punish. and discipline prior instances of similar misconduct and by failing to train or enforce policies and procedures on the books, if such policies and procedures exist, thereby leading Rockingham Sheriff Deputies to believe their actions will never be scrutinized and. in that way. directly encouraging future abuses such as those affecting Plaintiffs.

67. That generally. as a matter of widespread practice so prevalent as to compromise County

17

Policy, deputies of the RCSD conduct unlawful seizures and use excessive force on citizens, yet the RCSD makes findings of wrongdoing in a disproportionately small number of cases.

68. That Defendant Rockingham County failed to have in place sufficient policies and procedures

and/or training in areas which violated the decedent's civil rights including, but not limited to, the following areas:

a. Hiring and firing qualified, ethical, and competent deputies;

b. Proper training to know when to shoot or use force in a particular situation;

c. Proper training to understand the rights of individuals guaranteed by the Fourth and Fourteenth Amendment; and

d. Training to know how to handle situations where an individual is potentially lawfully armed.

69. That Defendants committed the above described actions and omissions under color of law and under color of their authority as state actors, substantially depriving Todd Burroughs of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. &1983 and deprived Todd Burroughs of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution including, but not limited to:

a. Freedom from deprivation of life and liberty without due process of law;

b. Freedom from cruel and unusual punishment;

c. Freedom from deprivation of life without due process; and,

d. Freedom from excessive force.

70. That the aforementioned actions and omissions of Defendants were proximately caused by the policies, practices, and customs of Defendants Rockingham County and Page which were also

18

the underlying cause of the death of Mr. Burroughs.

71. That in particular, Plaintiffs aver that they had a constitutional right of familial association with their father and husband. Further, Plaintiffs aver that they had a constitutional right to the society and companionship of their son. As a direct result of Defendants' acts and omissions, Plaintiffs lost their father and husband; suffered great losses of a personal and pecuniary nature including, but not limited to, the loss of companionship, society, and support of the decedent as well as grief, sorrow, and mental suffering. Plaintiffs had close emotional ties to their father and husband, Todd Burroughs. Plaintiffs aver that Defendants violated these rights and that their actions constituted an unconstitutional termination of their familial association and society and companionship of their husband and father under the Fourteenth Amendment to the United States Constitution.

72. That Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as sheriff deputies of the RCSD and substantially deprived Mr. Burroughs of his clearly established rights, privileges, and immunities guaranteed to him as a citizen of the United States by the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. 1983 and 1988.

## V. IN THE ALTERNATIVE, STATE LAW CLAIMS

73. That the factual allegations set forth in paragraphs 1 through 51 are adopted and incorporated herein by reference.

74. That by way of alternative pleading and in addition to the civil rights allegations asserted herein, Defendant Rockingham County is being sued pursuant to the provisions of the North Carolina State Constitution, et seq. thereby subjecting it to liability for the acts of its agents,

19

employees, apparent agents, and officers.

75. That Defendant Rockingham County is a governmental entity as defined in the North Carolina State Constitution and the North Carolina General Statutes.

76. That Defendant Rockingham County's immunity from suit has been removed by the purchase of liability insurance and/or participation in a governmental risk pool. No exceptions to the removal of immunity apply under the facts of this case.

77. That Defendant Rockingham County, as local government organized under the laws of the State of North Carolina and operating a law enforcement agency known as the Rockingham County Sheriff's Department, has no immunity for the acts and omissions complained herein.

78. That Defendant Rockingham County has waived immunity by purchasing liability insurance.

79. That Defendant Rockingham County is being sued for acts of negligence including, but not limited to, negligent hiring, negligent retention of employees, negligent supervision of employees, and failing to take necessary precautions to prevent the injuries suffered by Todd Burroughs and Plaintiffs. Moreover, Defendant Rockingham County is being sued for the negligent acts of its employees and/or agents including, but not necessarily limited to, Defendants Martin and Myers who were acting in the course and scope of their employment at all times relevant to this action and for its decision to hire and retain Defendants Martin and Myers.

80. That Defendant Deputies owed a duty to exercise reasonable care in handling the situation, the investigation of decedent, and in determining whether to shoot or not to shoot. Defendant Deputies violated that duty causing foreseeable harm to the decedent.

81. That Defendant Rockingham County employees, supervisors, and elected Sheriff knew

20

or should have known that Defendants Martin and Myers were not competent to perform their duties in a safe and proper manner but hired them and retained them as employees anyway, resulting in the foreseeable harm to the decedent.

82. That Defendant Rockingham County negligently failed to supervise its employees including, but not limited to, Defendants Martin and Myers resulting in the foreseeable harm and ultimate death of the decedent.

83. That Defendant Deputies Martin and Myers were employees or agents of Defendants Rockingham County and Page and were acting in the course and scope of their employment or agency at all applicable times.

84. That Defendant Rockingham County, separately and by and through its respective employees and agents acting within the scope of their employment or agency, including Defendant Deputies Martin and Myers, were negligent in handling the incident alleged herein and failed to comply with its own policies and procedures with respect to this incident. Defendants owed the decedent a duty to use reasonable care under all applicable circumstances, failed to exercise such care, and proximately and directly caused harm to the decedent including, but not limited to, his death. As such, Defendants are not entitled to immunity.

85. That in addition, Defendant Rockingham County, separately and by and through Defendant Deputies Martin and Myers, committed acts of negligence including, but not limited to, the following, each and every one of which was a direct and proximate cause of Plaintiffs' injuries and damages:

a. Failed to take into consideration the health, welfare, and safety of Todd Burroughs;

b. Failed to adequately supervise its officers and agents prior to and during the scope of this

21

incident;

c. Failed to adequately train its officers and agents with respect to the conduct which occurred in this incident;

d. Failed to comply with all applicable policies and procedures prior to and during the course of this incident;

e. Failed to properly screen its officers for propensity for violence and/or allowing them to continue serving in the field when Defendants Rockingham County and Page knew or should have known that said deputies posed a clear and present danger to the public and where it would be foreseeable that said officer would negligently, recklessly, or intentionally injure a member of the public;

f. Failed to use all due care under the circumstances then and there existing, and without due regard for the safety of Todd Burroughs;

g. Failed to adequately determine the situation prior to shooting; and

h. Plaintiffs allege that it was foreseeable to Defendants, or, in the exercise of reasonable care, should have been foreseeable to Defendants that confronting the decedent while it was dark and he was in front of his own home, would thereby place him in a defensive state of mind.

86. That as a direct and proximate result of the aforementioned actions and omissions of Defendants, Todd Burroughs was killed.

87. That Defendant Page, acting within his capacity as the elected Sheriff for Rockingham County, negligently hired and/or retained incompetent personnel to carry out the functions and duties of their position, and Defendant Page knew or should have known that said Defendant Deputies Martin and Myers were incapable of performing and/or otherwise lacked experience to sufficiently

22

perform their duties.

88. That Defendant Page, acting within his capacity as the elected Sheriff for Rockingham County, negligently failed to hire or otherwise assign and/or provide adequate training and supervision to deputies to provide and assure sufficient protection to the decedent.

89. That after numerous violent incidents involving deputies, it was foreseeable that deputies would have an increased level of fear in dealing with suspects who they believe may have a gun and that they would be more apt to use deadly force whenever there was a possibility that a suspect may have a gun even though the suspect did not really pose a threat to anyone. It was foreseeable that deputies would need counseling and training to address these issues to protect themselves and to protect all of the citizens in this community. However, Defendants Rockingham County and Page negligently failed to provide their deputies with this training and/or counseling and allowed the officers to remain on edge after the acts of violence against fellow deputies over a prolonged period of time, thereby creating a dangerous environment for everyone.

90. That in addition, Defendant Deputies Martin and Myers, acting in the course and scope of their employment with the Defendant Rockingham County, committed the following acts of negligence, each and every one of which was a proximate cause of Plaintiffs' injuries and damages:

   a. Failed to interview the decedent in a safe manner and at a distance to protect both the deputies and the decedent once the deputies stopped the decedent in his own front yard;

   b. Failed to take steps not to startle the decedent at night with flash lights;

   c. Failed to investigate the scene prior to taking any action;

   d. Failed to protect the decedent from a possible violent confrontation by placing him in harm's way;

23

e. Failed to handle the scene in a prudent manner; and

f. Failed to make proper assumptions regarding the decedent that ultimately lead to his death.

91. That the Defendant Rockingham County should be held vicariously liable for all the actions of its employees, agents, and apparent agents.

92. That the Plaintiffs submit that Defendant Rockingham County, its agents, apparent agents, and/or employees including, but not limited to, Defendant Deputies Martin and Myers acted with negligence and/or gross negligence.

93. That the decedent suffered greatly before his death and ultimately died as a direct result of the negligence alleged herein. Accordingly, Plaintiffs are entitled to compensatory damages and punitive damages for the conduct alleged herein as provided for under all applicable law including, but not limited to, the North Carolina Wrongful Death statutes.

94. That as a direct and proximate result of the aforementioned actions and omissions of Defendants, Todd Burroughs experienced pain and injury and was killed.

## VI. DAMAGES

95. That the allegations set forth in paragraphs 1 through 94 are adopted and incorporated herein by reference.

96. That as a direct and proximate result of the acts and/or omissions of Defendants, Todd Burroughs was killed on May 29, 2016, and Plaintiffs, as his children and wife, were emotionally injured for life. The injuries for which Plaintiffs seek compensation include, but are not limited to:

a. Physical injuries, including the death of their father and husband, Todd Burroughs, and their resulting loss of familial association with him;

b. Conscious physical and emotional pain and suffering of their father and husband, Todd

24

Burroughs, from the time of injury until his death, and his loss of the pleasures of life;

c. Medical expenses incurred for their father and husband, Todd Burroughs;

d. Funeral expenses incurred for their father and husband, Todd Burroughs;

e. The pecuniary value of the life of their father and husband, Todd Burroughs, including, but not limited to, the loss of companionship and consortium for both John and Jane Burroughs

f. Infliction of emotional distress, negligent, and/or reckless and/or intentional, upon Plaintiffs;

g. Prejudgment interest and/or post judgment interest and statutory and discretionary costs to the extent permitted by law;

h. Attorney fees pursuant to applicable law including, but not limited to, 42 U.S.C. 1983 and 1988;

i. Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future;

j. Any and all applicable compensatory and punitive damages;

k. It was foreseeable that the above damages would be sustained as a result of the policies, customs, lack of training, actions, and omissions of Defendants; and

l. All such further relief, both general and specific, to which they may be entitled under the premises.

## VII. PUNITIVE DAMAGES

97. That the allegations set forth in paragraphs 1 through 96 are adopted and incorporated herein by reference.

98. That the actions of Defendants were performed intentionally, recklessly, fraudulently, and/or maliciously, thus entitling Plaintiffs to a substantial award of punitive damages under

applicable law.

WHEREFORE, the Plaintiffs pray the Court as follows:

1.    That the Plaintiffs have and recover judgment against Defendants in such amount as will fully compensate them for their injuries and damages.

2.    That the cost of this action, including reasonable attorney's fees, be taxed against the Defendants;

3.    That the judgment against the Defendants bear interest from the time of the institution of this action as provided by law;

4.    For such other and further relief as the Plaintiffs may be entitled to upon a full consideration of this cause by the Court.

## DEMAND FOR JURY TRIAL

The Plaintiffs respectfully demands a jury trial on all issues of fact that may arise from the pleadings in this cause.

This the 29 day of March, 2017.

BIBBS LAW GROUP

By: _____

Mark L. Bibbs
Attorney for the Plaintiffs
410 N. Boylan Avenue
Raleigh, North Carolina 27603
Telephone: (919) 256-3775

26