IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REBEKAH BURROUGHS, individually )
and as Administratrix of the ESTATE )
OF TODD BRENT BURROUGHS, )
D.B., individually by her *Guardian Ad Litem*, )
Donald R. Vaughn, and C.B., individually )
by his *Guardian Ad Litem*, Morgan Davis, )
)
              Plaintiffs, )
)
v. )    1:17CV463
)
SAMUEL S. PAGE, in his official capacity )
as Sheriff of Rockingham County, FRANK )
L. MARTIN and CHASE M. MYERS, )
each in his individual and official capacities, )
and LIBERTY MUTUAL INSURANCE )
COMPANY, as surety, )
)
              Defendants. )

**MEMORANDUM OPINION AND ORDER**

Loretta C. Biggs, District Judge.

In connection with Defendants' Motion for Summary Judgement, (ECF No. 42), which will be addressed under separate order, Plaintiffs filed several documents under seal and two accompanying Motions to Seal.[1] (ECF Nos. 49, 49-1 to 49-6, 61-1 to 61-5, 61-7, 61-8.) Both motions to seal seek to permanently seal the same seven documents, ostensibly for the same

---

[1] Plaintiffs filed their first motion to seal, (ECF No. 48), in connection with their first brief opposing Defendants' motion for summary judgment, (ECF No. 47). Plaintiffs then filed an amended brief opposing summary judgment after this Court denied Plaintiffs' motion to exceed the word limitation. (ECF No. 51.) Plaintiffs' first amended brief was stricken by this Court, *sua sponte*, for violations of this Court's Local Rules. (ECF No. 58.) Plaintiffs then filed a second amended brief opposing summary judgment, (ECF No. 59), along with a second motion to seal, (ECF No. 60).

purposes. (*See* ECF Nos. 48, 60.) Because these motions, and the documents attached, are identical, this Court will strike Plaintiffs' first motion to seal and all corresponding exhibits, (ECF Nos. 48, 49, 49-1 to 49-6), and only consider Plaintiffs' second motion to seal, (ECF No. 60), which was filed with their operative second amended brief, (ECF No. 59).

The sealed documents attached to Plaintiffs' motion to seal include deposition transcripts from Ms. Burroughs, Myers, Martin, C.B., D.B., and Sheriff Page, as well as a photographic exhibit attached to a declaration by Plaintiffs' counsel regarding portions of a State Bureau of Investigations ("SBI") report.[2] (*See* ECF Nos. 61-1 to 61-5, 61-7, 61-8.) Defendants filed a brief stating that they "have no objection" to Plaintiffs' motion to seal. (ECF No. 63 at 4.)

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, a district court must "first 'determine the source of the right of access with respect to each document.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (quoting *Va. Dep't of State Police*, 386 F.3d at 576). The Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Id.* at 267. Therefore, the

---

[2] Plaintiffs confusingly attached a copy of Rockingham County Sheriff's Office Policies and Procedures as a sealed exhibit. (ECF No. 61-6.) This document was also filed, unsealed and unredacted, as an exhibit to Plaintiff's second amended brief opposing summary judgment. (ECF No. 59-6.) This document was also not listed in Plaintiffs' second motion to seal. (ECF No. 60.) Because it appears that this document was erroneously filed under seal, and neither party appears to argue for it to be sealed, Plaintiffs' motion to seal as it relates to ECF Number 61-6 will be denied.

2

First Amendment right of access applies in this case, as the documents that Plaintiffs wish to seal were filed in opposition to Defendants' summary judgment motion.

Procedurally, a district court presented with a sealing request must:

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Id.* at 272. Local Rule 5.4 outlines similar requirements.[3] LR 5.4. The burden rests on the party seeking to keep information sealed. *Va. Dep't of State Police*, 386 F.3d at 575.

As a preliminary matter, it is unclear to the Court which party is asserting the confidentiality of these documents. Similar to Plaintiffs' previously documented failures to comply with this Court's Local Rules, (*see* ECF No. 58), Plaintiffs' motion to seal does not comply with Local Rule 5.4. Plaintiffs did not file a brief in support of their motion to seal or explain the need for confidentiality. *See* L.R. 5.4(b) (requiring the party asserting confidentiality to file a brief stating "the reasons why sealing is necessary"). Plaintiffs' motion to seal also does not comply with Local Rule 5.4(c), which regulates the procedure for filing a motion to seal "[i]f the party filing the documents is not the party claiming confidentiality." L.R. 5.4(c). Local Rule 5.4(c) requires the filing party to, before filing, "confer with the party claiming

---

[3] These requirements are: (1) stating "the reasons why sealing is necessary"; (2) explaining "why less drastic alternatives to sealing will not afford adequate protection"; (3) addressing "the factors governing sealing of documents reflected in governing case law"; and (4) stating "whether permanent sealing is sought and, if not, stat[ing] how long the document should remain under seal and how the document should be handled upon unsealing." LR 5.4(b).

confidentiality and obtain that party's position as to how much of the materials, if any, should be redacted or placed completely under seal." *Id.* Such a motion to seal is also required to:

> 1. Confirm that the filing party has engaged in the consultation required by paragraph (c), or request to be excused from the consultation requirement for good cause;
>
> 2. State why the documents are relevant to a matter before the Court, and are not filed unnecessarily;
>
> 3. State the filing party's position on confidentiality; and
>
> 4. State that the party claiming confidentiality will have 14 days to file a Brief providing all of the information set out in paragraph (b) above.

*Id.* Although Plaintiffs' motion appears to "[s]tate [their] position on confidentiality" by stating that the documents "have been marked and stipulated as confidential in this case," Plaintiffs' motion to seal does not include any of the other required elements. (*See* ECF No. 60.) Because of this failing, it unclear whether Plaintiffs filed their motion on behalf of a third party claiming confidentiality and, if so, whether Plaintiffs conferred with that party to determine whether all of the filed documents actually need to be sealed.

Defendants' brief in response to Plaintiffs' motion to seal does not cure the deficiencies in Plaintiffs' motion. (*See* ECF No. 63.) Although Defendants state that they "have no objection to [Plaintiffs'] filing under seal," (*id.* at 4), they do not attempt to explain "why less drastic alternatives to sealing will not afford adequate protection," L.R. 5.4(b), nor do they address any case law, as also required by Local Rule 5.4(b). Therefore, neither party has provided sufficient justification for sealing the documents referenced in Plaintiffs' motion to seal. (*See* ECF Nos. 60, 63.) Nevertheless, to avoid potentially unsealing any documents which

4

have a legitimate reason to be sealed, the Court will attempt to determine whether any of the documents should be sealed.

First, the Court notes that the original motion to seal has been publicly docketed since its date of filing on November 26, 2018. (ECF No. 48.) "Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but the docket reflects no such action." *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013). Accordingly, the Court concludes that the "public notice" requirement has been satisfied. *See id.* (concluding that a motion to seal docketed less than one month before the entry of the order to seal provided sufficient public notice).

Throughout discovery, this Court entered two protective orders regarding the disclosure of the SBI report of Mr. Burroughs' death and any otherwise confidential information, including personnel information and medical records. (ECF Nos. 26, 33.) Two of the documents that Plaintiffs move to seal appear to fall under at least one of those protective orders. The deposition of Myers refers to statements made in connection with the SBI's investigation and report. (*See* ECF No. 61-2.) Further, the declaration by Plaintiffs' counsel refers to the contents of the SBI report and includes as an exhibit a photograph from the report. (ECF No. 61-8 at 2, 5.) Because both documents refer to the contents of the SBI report throughout the documents, it does not appear that a "less drastic alternative[ ]" to permanently sealing is available. *See Doe*, 749 F.3d at 272. Therefore, for the reasons stated in the Protective Order for State Bureau of Investigation Report, (ECF No. 26), the motions to seal the above-referenced documents will be granted and those documents, (ECF Nos. 61-2, 61-8), will be permanently sealed.

5

The other five documents that Plaintiffs wish to seal do not appear to contain any confidential information. The depositions of Ms. Burroughs, C.B., and D.B. do not reference the SBI report, nor do they include any otherwise confidential information, such as medical records. (*See* ECF Nos. 61-1, 61-4, 61-5.) The depositions of Martin and Sheriff Page similarly do not contain any confidential information, although they both tangentially refer to the SBI investigation. (*See* ECF Nos. 61-3, 61-7.) Further, the apparently mistakenly filed Rockingham County Sheriff's Office Policies and Procedures contains no confidential information either. (*See* note 3, *supra*; ECF No. 61-6.) Therefore, Plaintiffs' motion to seal as to the above-referenced documents, (ECF Nos. 61-1, 61-3 to 61-7) will be denied.

For the reasons outlined herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

## ORDER

IT IS THEREFORE ORDERED that Plaintiffs' First Motion to Seal, (ECF No. 48), and all accompanying exhibits, (ECF No. 49, 49-1, 49-2, 49-3, 49-4, 49-5, 49-6), are STRICKEN.

IT IS FURTHER ORDERED that Plaintiffs' Second Motion to Seal, (ECF No. 60), is GRANTED IN PART AND DENIED IN PART. Plaintiffs' Motion to Seal is GRANTED with respect to the deposition of Chase M. Myers, (ECF No. 61-2), and the Declaration of Catherine E. Edwards, (ECF No. 61-8.) Those two documents, (ECF Nos. 61-2, 61-8), shall be permanently sealed. Plaintiffs' Second Motion to Seal is DENIED with respect to all other initially sealed exhibits, (ECF Nos. 61-1, 61-3, 61-4, 61-5, 61-6, 61-7), and those documents shall be unsealed.

This, the 28th day of October 2019.

/s/ Loretta C. Biggs
United States District Judge