IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REBEKAH BURROUGHS, individually )
and as Administratrix of the ESTATE )
OF TODD BRENT BURROUGHS, )
D.B., individually by her Guardian Ad Litem, )
Donald R. Vaughn, and C.B., individually )
by his Guardian Ad Litem, Morgan Davis, )
)
        Plaintiffs, )
)
v. )    1:17CV463
)
SAMUEL S. PAGE, in his official capacity as )
Sheriff of Rockingham County, FRANK L. )
MARTIN, in his individual capacity and official )
capacity and LIBERTY MUTUAL )
INSURANCE COMPANY, as surety, )
)
        Defendants. )

## ORDER APPROVING SETTLEMENT AND ORDER OF DISMISSAL

**THIS MATTER COMING ON TO BE HEARD AND BEING HEARD** before the undersigned Magistrate Judge on the 9th day of January, 2020, for the purpose of considering the settlement of any and all claims of Rebekah Burroughs, individually and as Administratrix of the Estate of Todd Brent Burroughs and the Plaintiffs in this action, including, but not limited to, claims for excessive force under the Fourth Amendment and a state wrongful death claim. Furthermore, this matter is before the Court for the purpose of considering the settlement of any and all claims of D.B., individually and as an heir of the Estate of Todd Burroughs, by her Guardian ad Litem, Donald R. Vaughan, and C.B.,

1

individually and as an heir of the Estate of Todd Burroughs, by his Guardian ad Litem, Morgan Davis.

**AND, IT APPEARING** to the Court that the parties have arrived at a compromise settlement of all claims subject to the approval and adjudication by the Court. The parties hereto have waived in open court their right to a trial by jury and have further agreed that the Court may hear the evidence, find the facts and determine the law herein. The parties have voluntarily consented to jurisdiction before the Honorable Joe L. Webster, United States Magistrate Judge, to conduct this Hearing and to enter this Order Approving Settlement and Order of Dismissal. The parties have further agreed in open court that any and all other irregularities are waived so that this Order may be entered.

The Estate of Todd Brent Burroughs (hereinafter "the Estate") has been and is properly opened in Rockingham County, North Carolina. Rebekah Burroughs was duly appointed Administratrix of the Estate of Todd Brent Burroughs by the Clerk of Superior Court of Rockingham County on September 9, 2016. The Estate brought this action under 42 U.S.C. § 1983 and the applicable provisions of the North Carolina General Statutes. Other claims have been dismissed by the Court on Defendants' Motions for Summary Judgment. The Parties have previously Stipulated to a Dismissal of the Claims against Frank L. Martin. The settlement is presented to the Court in order to comply with N.C.G.S. § 28A-13-3(a)(23), Rule 17 of the Federal Rules of Civil Procedure, and Local Rule 17.1 of the United States District Court for the Middle District of North Carolina.

**AND, IT APPEARING** to the Court and the Court finds that D.B. is a minor and is duly represented by Donald R. Vaughan, her Guardian ad Litem, who was duly and regularly appointed as such by the Clerk of Superior Court of Rockingham County, North Carolina. D.B. is without general or testamentary guardian and is 13 years old.

**AND, IT APPEARING** to the Court and the Court finds that C.B. is a minor and is duly represented by Morgan Davis, his Guardian ad Litem who was duly and regularly appointed as such by the Clerk of Superior Court of Rockingham County, North Carolina. C.B. is without general or testamentary guardian and is 12 years old.

This is an action for Claims of Excessive Force under the Fourth Amendment and 42 U.S.C. § 1983 and for a state tort claim for the wrongful death of Todd Brent Burroughs resulting from an incident involving law enforcement officers, which occurred on May 29, 2016 in Rockingham County, North Carolina. On May 29, 2016, Todd Brent Burroughs died after being shot by the Defendant, Frank L. Martin, of the Rockingham County Sheriff's Department. In this lawsuit, claims were alleged by Rebekah Burroughs, individually and as Administratrix of the Estate of Todd Brent Burroughs and by the minor children of Todd Brent Burroughs, D.B. and C.B.

The Parties have agreed that the settlement in this matter is a compromise of disputed claims, and the Parties have agreed that the payments made in accordance with the settlement are not an admission of liability on the part of Samuel S. Page, Frank L. Martin, or Chase M. Myers, (collectively referred to hereinafter as "the Defendants") and that the Defendants have specifically denied liability and entered into the settlement only

so to avoid the expenses, the delay, and the uncertainties of continued litigation. Accordingly, the settlement is a compromise settlement.

The deceased, Todd Brent Burroughs, was born on October 27, 1977, and was thirty-eight (38) years of age at the time of his death. Todd Brent Burroughs was survived by his wife, Rebekah Burroughs, now age 40, and by his minor children: D.B.; and C.B. The aforementioned individuals are the only persons who are eligible to share in the proceeds of the settlement recovered in this matter and under the provisions of 42 U.S.C. § 1983 and N.C.G.S. § 28A-18-2(b)(4) due to the death of Todd Brent Burroughs. Since not all of these individuals and heirs are adults, Court approval of the settlement is required to comply with N.C.G.S. § 28A-13-3(a)(23) and Local Rule 17.1.

All claims and demands of the Estate, Rebekah Burroughs, individually and as Administratrix of the Estate, D.B. and C.B. against all Defendants and their Insurers have been concluded and settled, subject to the approval and sanction of the Court pursuant to N.C.G.S. § 28A-13-3(a)(23). The parties hereto have agreed to forever compromise and settle the matters at issue between them through payment in the total amount of One Million, Two Hundred Thousand and 00/100 Dollars ($1,200,000.00) (hereinafter referred to as "the Settlement Amount"). The Settlement Amount shall be paid to the trust account of Edwards Kirby, LLP, the attorneys for Rebekah Burroughs, individually and as Administratrix of the Estate of Todd Brent Burroughs, D.B., and C.B, contemporaneously with the execution and entry of this Order.

4

The Court has previously granted Summary Judgment in favor of the Defendants as to: all claims with respect to the Defendant, Chase Myers; Plaintiffs' Fourteenth Amendment and Negligent Infliction of Emotional Distress claims with respect to all other Defendants; Plaintiffs' Fourth Amendment claim with respect to Defendant Frank L. Martin as it pertained to the decision to initiate an arrest. The Court has previously denied Defendants' Motions for Summary Judgment as to the Estate's Fourth Amendment claim with respect to Defendant Frank L. Martin's use of excessive force, the Estate's wrongful death claim, and the Estate's punitive damages claim.

Further, the Parties have previously filed a Stipulation of Dismissal of all claims against the Defendant, Frank L. Martin.

It further appears to the Court that the parties hereto desire the sanction and approval of the Court in order to make the settlement referred to herein binding and valid. The Court has reviewed the matter and completed such investigations and inquiries as it deemed appropriate. This matter is a disputed matter as to the Facts and the Law. The Defendants have valid defenses that may sway the jury. There are inherent risks to the Plaintiffs in proceeding to trial that could result in no recovery to the Plaintiffs. After careful consideration of such matters, the Court, in its discretion, finds that the settlement set forth herein is fair, reasonable, and in the best interests of the Estate and the minors, and should be approved and adopted in all respects.

Edwards Kirby LLP and Bibbs Law Group, as attorneys for the Administratrix of the Estate of Todd Brent Burroughs and the Administratrix individually and the minors,

5

have expended substantial time and effort in presenting and resolving the claims described herein. Edwards Kirby LLP and Bibbs Law Group have an employment contract (based upon a 40% contingency fee) resulting in an attorneys' fee of $240,000.00 to Edwards Kirby, LLP and $240,000.00 to Bibbs Law Group, plus costs and expenses. This matter has been vigorously prosecuted by counsel for the Plaintiffs and vigorously defended by counsel for the Defendants. There have been multiple depositions taken and experts retained. At the time of the settlement, the Parties were substantially ready for Trial. The Court finds that the Contingency Fee Agreement is fair and reasonable and is customary in matters such as this and further finds that the attorneys' fees are fair and reasonable after considering factors set forth in *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010). Such factors include:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*Id.*

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. The settlement between the parties referred to herein constitutes a full and final settlement by and between the parties due to the death of Todd Brent Burroughs and is just, fair, reasonable, and in the best interests of the Plaintiffs, the Estate of Todd Brent Burroughs and the heirs of Todd Brent Burroughs and is in all respects adopted and approved by the Court.

2. The Court approves the formation of trusts for C.B. and D.B. as being in the best interests of the minors.

3. That upon entry of this Order, the settlement amount of One Million Two Hundred Thousand and 00/100 Dollars ($1,200,000.00) shall be paid to the trust account of Edwards Kirby LLP.

4. Edwards Kirby is directed to disburse the proceeds of the Settlement from its trust account as follows:

    a. The amount of $271,133.61 to Rebecca Burroughs as the spouse and heir of Todd Brent Burroughs.

    b. The amount of $211,133.62 shall be distributed by Edwards Kirby LLP to Old North State Trust LLC, to be held in trust for the benefit of D.B., the daughter and an heir of Todd Brent Burroughs, pursuant to the terms of the Trust Agreement executed for the benefit of D. B.

    c. The amount of $211,133.62 shall be distributed by Edwards Kirby LLP to Old North State Trust LLC, to be held in trust for the benefit of C. B., the son and an heir of Todd Brent Burroughs, pursuant to the terms of the Trust Agreement executed for the benefit of C. B.

    d. The amount of $240,000.00 shall be distributed by Edwards Kirby LLP to Edwards Kirby LLP for attorney fees.

    e. The amount of $240,000.00 shall be distributed by Edwards Kirby, LLP to the Bibbs Law Group for attorney fees.

    f. The amount of $23,599.15 shall be distributed by Edwards Kirby LLP to

Edwards Kirby LLP for costs incurred in the prosecution of this case.

g. The amount of $1,500.00 to Morgan Davis for good and valuable services as Guardian ad Litem to C.B.

h. The amount of $1,500.00 to Donald R. Vaughan for good and valuable services as Guardian ad Litem to D.B.

5. That upon payment of the sums set forth above and Upon the Execution and Entry of this Order, the Defendants, their heirs, officers, directors, elected officials, representatives, agents, stockholders, employees, attorneys, subsidiaries, related companies, insurers, re-insurers, insurance companies, third-party administrators, successors, predecessors, parent, and assigns, and all other persons, firms, corporations and associations for the above-listed people and entities shall be forever released, indemnified and discharged from any and all liability with regard to the death of Todd Brent Burroughs by reason of the incident of May 29, 2016 described herein, and from any and all valid claims, demands, and causes of action, known and unknown, which may be asserted against Defendants and which relate in any way to the injuries and to the resulting death of Todd Brent Burroughs in the aforementioned incident, including, but not limited, to any valid causes of action by any potential heirs of Todd Brent Burroughs against Defendants, any valid claims that may be asserted against Defendants for liens or medical bills associated with any medical care rendered to Todd Brent Burroughs as a result of the aforementioned incident, and any valid liens or unpaid bills related to the funeral and/or funeral expenses for Todd Brent

8

Case 1:17-cv-00463-JLW   Document 90   Filed 01/09/20   Page 8 of 10

Burroughs. Furthermore, by accepting payment of the settlement amount, and by consenting to this Order, the Administratrix of the Estate, the Administratrix individually and the minors, by and through their Guardians ad Litem, expressly warrant that all insurers or lienholders of any type have been notified of this settlement and that all such valid claims or liens have or will be satisfied from the sums received.

6. The Complaint and any Amended Complaints and the Claims set forth therein, including but not limited to the claims previously dismissed by the Court upon the granting of partial Summary Judgment and the claims Voluntarily Dismissed Without Prejudice by the parties (including the claims against Frank L. Martin) are **HEREBY DISMISSED WITH PREJUDICE.**

7. Except as set forth herein, the Parties shall bear their own respective costs, expenses, and attorneys' fees.

**SO ORDERED.** This the 9th day of January, 2020.

_____
Joe L. Webster
United States Magistrate Judge

CONSENTED TO:

_____ (SEAL)
Rebekah Burroughs, Administratrix of the
Estate of Todd Brent Burroughs


_____ (SEAL)
Rebekah Burroughs, Individually


_____ (SEAL)
Donald R. Vaughan, Guardian ad Litem for D.B.


_____ (SEAL)
Morgan Davis, Guardian ad Litem for C.B.


_____
John R. Edwards
Attorney for the Administratrix of the Estate,
Rebekah Burroughs individually and the minors


_____
H. Lee Davis, Jr.
Attorney for Defendants

10